UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER SIMONE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-00683-HEA |
| ) | JURY TRIAL DEMANDED |
| SGT. JOHN FRANK, OFFICER PATRICK ) | |
| DAUT, OFFICER RONALD D. MARTIN, ) | |
| OFFICER THOMAS FAVAZZA, OFFICER ) | |
| STEVEN M. BURLE, OFFICER FNU ) | |
| JACKSON, OFFICER FNU SHIVERS, ) | |
| and OFFICER FNU RANDOLPH, ) | |
| Individually and in their official capacities, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Alexander Simone Lewis, by and through his Attorneys, the Hale Law Firm by Larry D. Hale and for his cause of action against Defendants, and each of them, states as follows:

1. Alexander Simone Lewis is a citizen of the United States and a resident of the City of St. Louis Missouri.

2. Defendant, Sgt. John Frank, is a citizen of the United States and a resident of the City of St. Louis, Missouri.

3. Defendant, Officer Patrick Daut, is a citizen of the United States and a resident of the City of St. Louis.

4. Defendant, Officer Ronald D. Martin, is a citizen of the United States and a resident of the City of St. Louis.

5. Defendant, Officer Thomas Favazza, is a citizen of the United States and a resident of the City of St. Louis.

6. Defendant, Officer Steven M. Burle, is a citizen of the United States and a resident of the City of St. Louis.

7. Defendant, Officer First Name Unknown (hereinafter FNU) Jackson, is a citizen of the United States and a resident of the City of St. Louis.

8. Defendant, Officer FNU Shivers, is a citizen of the United States and a resident of the City of St. Louis.

9. Defendant, Officer FNU Randolph, is a citizen of the United States and a resident of the City of St. Louis.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. Section 1331, 1343(a)(3) and 1367.

## VENUE

On information and belief, all Defendants are residents of the State of Missouri and of the Eastern District of Missouri. Therefore, under 28 U.S.C. Section 1391(b)(1), venue is proper in the Eastern District of Missouri. Venue is also proper in the Eastern District of Missouri under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6. On or about May 18, 2005, Plaintiff, Alexander Lewis, was lawfully and peacefully visiting a friend, Jimmy Critten, at the friend's residence located at 3315 Cook, St. Louis, Missouri.

2

7. At said time and place, Defendants, and each of them, unlawfully entered the residence located at 3315 Cook, St. Louis, Missouri for the purpose of arresting Plaintiff, without probable cause to believe that Plaintiff had committed a crime.

8. Indeed, Plaintiff had not committed a crime and there was therefore no legal basis for Defendants to arrest him.

9. At said time and place Defendants, and each of them, had no search warrant or other legal authority to enter the said residence at 3315 Cook and the lawful occupier of said residence did not consent to such an entry.

10. Upon entering the aforesaid residence, Defendants, and each of them, unlawfully advised Plaintiff that he was under arrest, and then proceeded to forcibly restrain Plaintiff by first grabbing Plaintiff's wrist and then throwing Plaintiff to the ground.

11. Immediately after throwing Plaintiff to the ground, Defendants, and each of them, struck Plaintiff with their fists about the face and head. Thereafter, Defendants, and each of them, attacked Plaintiff with a "Taser Gun".

12. Defendants, and each of them, applied the "Taser gun" to plaintiff's body, including his ear, approximately 32 separate times while he was on the floor, which was excessive and unnecessary.

13. Thereafter, Defendants, and each of them, placed handcuffs on Plaintiff and forcibly removed him from the aforesaid residence.

14. Following the unlawful arrest of Plaintiff, Defendants, and each of them, initiated false criminal charges against Plaintiff, to wit: Assault of a Law enforcement officer in the second degree (4 counts), Resisting Arrest and Trespass first degree (1 count).

15. Plaintiff proceeded to trial on said false charges in the Circuit Court of the City of St. Louis and was found not guilty of each such charge by a jury.

16. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered severe physical injury to his entire body, including, but not limited to, approximately 32 burns on various parts of his body due to that application of the "Taser gun"; severe damage and permanent injury to Plaintiff's right ear including the loss of hearing in said ear; bruises and contusions to the face, forehead and eye of Plaintiff; swelling in the head and ear of Plaintiff; loss of consciousness; and injury to his entire body; Plaintiff's back, neck, trunk, spinal column, vertebrae, intervertebral discs, and all the limbs of the body and all of the muscles, bones, cartilages, ligaments, tendons, tissues, nerves, blood vessels, membranes and all the parts and structures thereof were seriously bruised, contused, lacerated, cut, torn, swollen, aggravated, ruptured, mashed wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful; Plaintiff suffered, suffers and will suffer in the future great physical pain and mental anguish.

16. The function of all of the said areas and parts of Plaintiff's body have been, and will be in the future, greatly impaired and diminished, and all of the Plaintiff's injuries, effects and results thereof are permanent and progressive.

4

17. Plaintiff was also held in jail for a period of three months due to the aforesaid false criminal charges and incurred substantial attorney fees in defending himself against said charges.

### COUNT 1
(Claim for relief under 42 U.S.C. Section 1983)
(All Defendants in their Official capacities and individually )

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. On or about May 18, 2005, Defendants, and each of them, who were acting in their individual and official capacities and were acting under color of state law, deprived Plaintiff of his rights, privileges and immunities secured by the laws and Constitution of the United States. Defendants, and each of them, intentionally acted in violation of clearly established constitutional rights of Plaintiff of which a reasonable person should have known.

3. Defendants, and each of them, acted under color of State law in depriving Plaintiff of his fourth Amendment rights in that they intentionally used unnecessary, unreasonable and excessive force against Plaintiff in arresting him, in the following ways:

   a. By forcefully and violently throwing Plaintiff to the ground;

   b. by forcefully and violently beating Plaintiff about the head;

   c. By forcefully and violently applying the "Taser gun" to Plaintiff's body approximately 32 times;

   d. By forcefully and violently handcuffing Plaintiff in an unwarranted manner.

5

4. The actions of Defendants, and each of them, as aforesaid were intentional, wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages.

5. If Plaintiff prevails in this cause of action, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

6. The actions of Defendants, and each of them, were in bad faith and went beyond the scope of their discretionary duty and authority.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in an amount that will fairly and justly compensate Plaintiff for the injury and damage suffered by him and for an award of punitive damages, Plaintiff's costs and expenses herein incurred, Plaintiff's Attorney fees and for such further and other relief as this Court deems just and proper.

### COUNT II
(Unlawful Seizure by Arrest, Detention and
Prosecution cognizable Under 42 U.S.C. Section 1983)
(All Defendants in their Official capacities and Individually)

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendants' arrest and detention of Plaintiff was without probable cause or other legal justification, and their false criminal prosecution of him was likewise without legal foundation.

3. Defendants' unlawful and unwarranted arrest, detention and prosecution of Plaintiff was intentional and in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. Section 1983.

4. At the time of Defendants unlawful arrest, detention and false prosecution of Plaintiff Defendants and each of them were acting in their individual and official capacities and under color of State Law.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in an amount that will fairly and justly compensate Plaintiff for the injury and damage suffered by him and for an award of punitive damages, Plaintiff's costs and expenses herein incurred, Plaintiff's Attorney fees and for such further and other relief as this Court deems just and proper.

Respectfully submitted,
THE HALE LAW FIRM

Larry D. Hale, #3309
Attorney for Plaintiff
1221 Locust, Suite 310
St. Louis, MO 63103
(314)231-3168
Fax (314)231-4072
Halefirm@aol.com