**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER SIMONE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:08-CV-00683-HEA |
| | ) | |
| JOHN FRANK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants John Frank, Patrick Daut, Ronald Martin, Thomas Favazza, and Steven Burle answer plaintiff's complaint as follows:

1. Defendants are without sufficient information to deny or admit the allegations contained in paragraph 1, and therefore, deny the same.

2. The statements in paragraph 2 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

3. The statements in paragraph 3 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

4. The statements in paragraph 4 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

5. The statements in paragraph 5 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

6. The statements in paragraph 6 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

7. Defendants are without sufficient information to deny or admit the allegations

contained in paragraph 7, and therefore, deny the same.

8. Defendants are without sufficient information to deny or admit the allegations contained in paragraph 8, and therefore, deny the same.

9. Defendants are without sufficient information to deny or admit the allegations contained in paragraph 9, and therefore, deny the same.

## JURISDICTION

The statements in the paragraph under the subheading entitled "JURISDICTION" are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

## VENUE

The statements in the paragraph under the subheading entitled "VENUE" are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

## FACTUAL ALLEGATIONS

6. Defendants are without sufficient information to deny or admit the allegations contained in paragraph 6, and therefore, deny the same.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Defendants are without sufficient information to deny or admit the allegations contained in paragraph 15, and therefore, deny the same.

16. Deny.

16. Deny.

17. Deny.

## COUNT I

1. Defendants incorporate by reference their previous responses set forth in paragraphs 1-9, 6-17 (including 2 paragraphs numbered "16"), and the paragraphs under the entitled sections "JURISDICTION" and "VENUE."

2. Deny.

3. Deny.

3a. Deny.

3b. Deny.

3c. Deny.

3d. Deny.

4. Deny.

5. The statements in the paragraph 5 are legal conclusions requiring no answer by defendants. To the extent an answer is required, defendants deny the same.

6. Deny.

Deny that plaintiff is entitled to any of the requested relief in the paragraph beginning with "WHEREFORE."

## COUNT II

1. Defendants incorporate by reference their previous responses set forth in paragraphs 1-9, 6-17 (including 2 paragraphs numbered "16"), the paragraphs under the entitled sections "JURISDICTION" and "VENUE," and paragraphs 1-6 (including all subparts) under the entitled section "COUNT I."

2. Deny.

3. Deny.

4. Deny.

Deny that plaintiff is entitled to any of the requested relief in the paragraph beginning with "WHEREFORE."

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable to a jury.

Further answering, defendants affirmatively state as follows:

### First Defense

1. Plaintiff failed to state a claim upon which relief can be granted. Rule 12(b), Fed.R.Civ.P.

### Second Defense

2. Defendants are protected from liability and suit by the doctrine of qualified immunity.

### Third Defense

3. Defendants are protected from liability and suit by the doctrine of official immunity and the public duty rule.

### Fourth Defense

4. To the extent that plaintiff seeks monetary damages against defendants in their official capacities under 42 U.S.C. § 1983, such relief is prohibited by the Eleventh Amendment to the United States Constitution.

### Fifth Defense

5. Plaintiff's pending state law claims are barred by the Eleventh Amendment to the United States Constitution.

### Sixth Defense

6. To the extent plaintiff's claims are based on a theory of *respondeat superior*, such claims must be dismissed.

### Seventh Defense

7. Plaintiff's claims are barred by all applicable statute of limitations, specifically RSMo. Sections 516.130 and 516.140.

### Eighth Defense

8. This Court lacks personal jurisdiction over one or more of the defendants.

### Ninth Defense

9. This Court lacks subject matter jurisdiction over one or more of plaintiff's claims.

### Tenth Defense

10. There is insufficiency of service of process and/or process over one or more of the defendants.

### Eleventh Defense

11. Plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(d), as plaintiff has no reasonably likelihood of success.

### Twelfth Defense

12. The plaintiff, at the time of defendants' alleged acts contained in plaintiff's complaint, consented to the acts.

### Thirteenth Defense

13. Plaintiff's detention was made in a reasonable manner and for a reasonable time.

### Fourteenth Defense

14. Defendants had probable cause to arrest plaintiff.

### Fifteenth Defense

15. Defendants are entitled to sovereign immunity in their official capacities.

### Sixteenth Defense

16. The defendants, at the time of the alleged acts contained in plaintiff's complaint, acted in self-defense or in defense of third persons.

### Seventeenth Defense

17. Each defendant was not sufficiently personally involved to establish liability under 42 U.S.C. § 1983.

### Eighteenth Defense

18. Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendants specifically reserve the right to amend their answer to include affirmative defenses at the time they are discovered.

WHEREFORE, having fully answered, defendants Frank, Daut, Martin, Favazza, and Burle request that this Court dismiss this action with prejudice, and for such other relief as is just.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Diane Peters*
DIANE PETERS
Assistant Attorney General
Diane Peters Bar Number: 54784
Attorneys for defendants Frank, Daut,
Martin, Favazza, and Burle
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573)751-8834
Fax: (573)751-9456
diane.peters@ago.mo.gov

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of June, 2008, the foregoing was filed electronically with the Clerk of the Court, and by operation of the Court's CM/ECF system, sent to:

Larry D. Hale
Hale Law Firm
1221 Locust Street
Suite 310
St. Louis, Missouri 63103
Phone: 314-231-3168
Email: halefirm@aol.com

*/s/ Diane Peters*
Diane Peters Bar Number: 54784
Attorney for defendants Frank, Daut,
Martin, Favazza, and Burle
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: (573)751-8834