**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER SIMONE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:08-CV-00683-HEA |
| | ) | |
| JOHN FRANK, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS FRANK, DAUT, BURLE, FAVAZZA, AND MARTIN'S MOTION TO DISMISS AND SUGGESTIONS IN SUPPORT

Defendants Frank, Daut, Burle, Favazza, and Martin request that this Court dismiss Plaintiff's claims against them in their official capacities as follows:

## I. Parties

The plaintiff is individual Alexander Simone Lewis. The defendants are employees of the St. Louis Metropolitan Police Department (SLMPD): Sgt. Frank, and Officers Daut, Burle, Favazza, and Martin (hereinafter collectively "defendants").

## II. Plaintiff's claims

Plaintiff attempts to bring 2 claims under 42 U.S.C. § 1983 against the defendant officers: (1) excessive force and (2) unreasonable seizure. Plaintiff's claims allegedly arise out of his May 18, 2005 arrest.

## III. Eleventh Amendment Immunity

In his complaint, plaintiff states that he brings both his claims against the defendants in their official capacities. Complaint at 5-6. Claims against defendants in their official capacities must be dismissed.

The Eleventh Amendment bars suits against the state or one of its agencies in federal court, unless there is consent to be sued. *Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There is no consent here. The Eleventh Amendment bar is jurisdictional and applies regardless of whether the suit is for damages or for declarative and injunctive relief. *Penhurst*, 465 U.S. at 102-103. Further, § 1983 does not override the Eleventh Amendment immunity of states and their agencies. *Penhurst*, 465 U.S. at 100.

Defendants are entitled to Eleventh Amendment immunity. Eleventh Amendment immunity applies when state officials are sued for damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159,170 (1985). Defendants are state officials and entitled to Eleventh Amendment immunity. *Smith v. State*, 152 S.W.3d 275, 279 (Mo. banc 2005).[1] To the extent defendants are being sued in their official capacities, they are immune from suit for monetary damages, and this case should be dismissed for lack of personal and subject matter jurisdiction.

WHEREFORE, defendants Frank, Daut, Burle, Favazza, and Martin request that this Court dismiss Plaintiff's claims against them in their official capacities.

---

[1] *Smith v. State*, 152 S.W.3d 275, 279 (Mo. banc 2005) held that St. Louis City police officers were officers of the State entitled to Legal Expense Fund coverage based on the language in 84.330 RSMo. establishing St. Louis City police officers as officers of the City and State.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Diane Peters*
DIANE PETERS
Assistant Attorney General
Diane Peters Bar Number: 54784
Attorneys for defendants Frank, Daut,
Martin, Favazza, and Burle
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573)751-8834
Fax: (573)751-9456
diane.peters@ago.mo.gov

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of June, 2008, the foregoing was filed electronically with the Clerk of the Court, and by operation of the Court's CM/ECF system, sent to:

Larry D. Hale
Hale Law Firm
1221 Locust Street
Suite 310
St. Louis, Missouri 63103
Phone: 314-231-3168
Email: halefirm@aol.com

*/s/ Diane Peters*
Diane Peters Bar Number: 54784
Attorney for defendants Frank, Daut,
Martin, Favazza, and Burle
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: (573)751-8834