IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALEXANDER SIMONE LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:08CV683 HEA |
| JOHN FRANK, et al., Individually and in their official capacities, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 6]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff alleges that on May 18, 2005, Defendants entered his friend's home without a warrant or other legal authority, unlawfully advised Plaintiff he was under arrest and then proceeded to forcibly restrain Plaintiff. He further alleges that Defendants struck him with their fists about his face and head and attacked him with a "taser gun"

Defendants move to dismiss Plaintiff's Complaint in so far as it is brought

against them in their official capacities pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that the claims are barred by the Eleventh Amendment to the United States Constitution.

## **Discussion**

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit ... commenced or prosecuted against one of the ... States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. See U.S. Const. amend. XI; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97-98 (1984). The Eleventh Amendment prohibits suits where the action is in fact against the state as the real party in interest. *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A state is the real party in interest if "the decision rendered would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." *Pennhurst*, 465 U.S. at 101.

Sovereign immunity extends to states and "arms" of the state. *Alden v. Maine*, 527 U.S. 706, 756 (1999); *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 819 (8th Cir.), cert. denied, 531 U.S. 958 (2000). Whether an

entity constitutes an "arm" of the state turns on its relationship to the state under state law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 and n. 5 (1997). Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment because Defendants are state officials and entitled to Eleventh Amendment Immunity, citing *Smith v. State*, 152 S.W.3d 275, 279 (Mo. banc 2005).

In *Auer v. Robbins*, 519 U.S. 452 (1997), the Supreme Court rejected the St. Louis Board of Police Commissioners' assertion of Eleventh Amendment immunity:

> The [St. Louis] Board of Police Commissioners ... does not share the immunity of the State of Missouri. While the Governor appoints four of the board's five members, Mo.Rev.Stat. § 84.030 (1994), the city of St. Louis is responsible for the board's financial liabilities, § 84.210, and the board is not subject to the State's direction or control in any other respect. It is therefore not an "arm of the State" for Eleventh Amendment purposes.

*Auer*, 519 U.S. at 456 n. 1. This holding was cited with approval in *Gorman v. Easley*, 257 F.3d 738, 743 (8th Cir.2001) (holding that Kansas City police board is not entitled to Eleventh Amendment immunity).

Based on the holdings of *Auer* and *Gorman*, it is beyond dispute that the Board and individual officers sued in their official capacities are not "state officials" within the meaning of the Eleventh Amendment, although they may be state officials for other purposes. See *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d

1082, 1084 (8th Cir.2006) (citing *Smith v. State*, 152 S.W.3d 275, 278-79 (Mo. 2005) (finding the Board an "agency of the state" within the meaning of the statute entitling officers of state agencies to coverage under State Legal Expense Fund)).

## Conclusion

The Court concludes that Defendants are not protected by Eleventh Amendment immunity with respect to Plaintiff's claims. Defendants' motion should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 6], is **DENIED**.

Dated this 17th day of July, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE