IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER SIMONE LEWIS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SGT. JOHN FRANK, et al., )<br>)<br>    Defendants. ) | Case No. 4:08CV683HEA |

### **DEFENDANTS' TRIAL BRIEF**

Defendants John Frank, Patrick Daut, Ronald D. Martin, Thomas Favazza and Steven M. Burle ("Defendants" or "Defendant Officers") hereby file the following Trial Brief in this cause.

**I.      Plaintiff's Excessive Force Claim**

The right to be free from excessive force is a clearly established right under the Fourth Amendment, *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003). However, "the right to make an arrest...necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Not every shove and push violates the Fourth Amendment. *Id*. To determine whether an officer's actions were objectively reasonable in light of the circumstances, a court must evaluate the totality of the circumstances. *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). Relevant consideration is given to whether the suspect was resisting arrest. *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990). When a suspect "resists, some use of force by the police is reasonable." *Greiner*, 27 F.3d at 1355.

1

The evidence will show that the Defendant Officers use of force in the instant case was reasonable under the circumstances and did not constitute excessive force.  The evidence will show that when Defendant Daut attempted to place Plaintiff in handcuffs pursuant to arresting Plaintiff for trespassing, Plaintiff punched Defendant Daut in the jaw and then struck Defendant Frank in the cheek.  The evidence will further show that the Defendant Officers' use of force in response to this attack was reasoned and measured despite the fact that Plaintiff continued to resist by punching and kicking at the officers while lying on his back.  The evidence will also show that Plaintiff suffered minor injuries in the altercation as did two officers.

In sum, the evidence will show that the Defendant Officers were confronted with a resisting subject who was a threat to their safety.  The Defendant Officers had the right to use reasonable force to overcome this resistance, and the Defendant officers did so with a minimal amount of force.  Consequently, Plaintiff simply cannot demonstrate that the Defendant Officers' use of force was unreasonable.

**II.     Plaintiff's Unlawful Arrest Claim**

Plaintiff also alleges unlawful seizure by false arrest against the Defendant officers.  A §1983 unlawful seizure or false arrest claim relies on a substantive Fourth Amendment right to be free from unreasonable searches and seizures. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986) (a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments).  To establish a violation of the Fourth Amendment in a §1983 action, plaintiff must demonstrate a seizure occurred and the seizure was unreasonable.  *See Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999).

2

However, justification is a complete defense to a cause of action for false arrest. *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2nd Cir. 2002) ("it [is] equally well established that the existence of probable cause is an absolute defense to a false arrest claim...").

> Probable cause exists if "at the moment the arrest is made...the facts and circumstances within a police officer's knowledge and of which the police had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the person arrested committed the crime with which he was charged.

*Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000).

The evidence will show that the Defendant Officers had ample evidence to give them probable cause to arrest Plaintiff. The incident at issue occurred at the Blumeyer Housing project ("Blumeyer"). Pursuant to Blumeyer's policies, any individual who is not a resident or a visitor or guest is trespassing. Prior to but on the day of the incident at issue, two of the Defendant Officers had seen Plaintiff loitering at Blumeyer. Plaintiff was not a resident of Blumeyer. The officers spoke with Plaintiff who advised he was not visiting anyone and had asked him to leave, which he did. However, approximately four hours later, those officers saw him again on the grounds at Blumeyer and got our of their vehicle to arrest him for trespassing. Plaintiff then ran into the back of one of the residences where the officers followed and the incident at issue occurred. Consequently, as the officers had probable cause to arrest Plaintiff for trespassing, Plaintiff's claim for false arrest fails.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Robert J. Isaacson*
Robert J. Isaacson
Assistant Attorney General
No. 3327
Post Office Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, first class, postage prepaid this 10th day of September, 2010 to the following:

Alexander Lewis
6710 Northeast Garfield Avenue
Portland, Oregon 97211

*/s/ Robert J. Isaacson*