IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER SIMONE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:08CV683HEA |
| SGT. JOHN FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE**

Defendants John Frank, Patrick Daut, Ronald D. Martin, Thomas Favazza and Steven M. Burle ("Defendants" or "Defendant Officers"), by and through their undersigned counsel, respectfully moves this Court to limit the evidence and argument that the Plaintiff may present at trial.  Defendants request that this Court enter an Order prohibiting Plaintiff from making reference during any portion of the trial and from introducing evidence, testifying, or eliciting testimony, or mentioning any of the following matters at any time in the presence of the jury, including voir dire and deposition readings:

1.    That Plaintiff was acquitted on his criminal charges arising out of the incident as issue.  A criminal prosecution necessarily involves a different cause of action, different parties, and a different burden of proof than any subsequent civil suit, even though both proceedings may have been based on the same underlying incidents.  *See Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991) (dismissal of motorist's DUI charge was not admissible in his §1983 action alleging wrongful administration of breathalyzer test); *Admissibility of Showing, in Action in Federal Court under 42 U.S.C.A. §1983 Based on Conduct of Police Officers, That Criminal Charges Brought Against Plaintiff in Connection with Incident Giving Rise to Action Were*

*Dismissed or That Plaintiff Was Acquitted on Some or All Charges*, 143 A.L.R.Fed. 621 (1998) ("Plaintiffs in police misconduct litigation under 42 U.S.C.A. §1983 sometimes seek to introduce evidence of their acquittal on criminal charges arising out of their encounter with police, or the dismissal of such charges, to support their claim that the police had no lawful basis for their actions.  Such evidence, moreover, has commonly been held irrelevant when offered for this purpose, because of the considerable difference between the stringent standard of proof beyond a reasonable doubt, which must be met in a criminal prosecution, and the much lower standard of probable cause, which the officer on the street must have to justify actions taken.").

Here, evidence of the fact that plaintiff was acquitted on his criminal charges is irrelevant and does not mean that there was not probable cause to arrest plaintiff.  And even if somehow relevant, such evidence should be excluded under FRE 403 because any probative value is substantially outweighed by the danger of unfair prejudice.

2.      Alleged incidents or injuries that occurred as a result of police officers other than the incident that is the subject of this lawsuit, other than limited and confined inquiry during voir dire directed toward detecting prejudice.  Plaintiff may attempt to couch the incident at issue in this case as but one of many perceived incidents of police misconduct.  Plaintiff may, for example, reference the Maplewood Police Department's car and foot chase, or raise the historic reference to Rodney King, or other national incidents of police misconduct.  Likewise, plaintiff may, for example, try to reference wholly unrelated local alleged police "scandals".  Any such statements or references are not relevant, have no probative value, are improper and highly prejudicial, confuse the issues, and do not assist the jury in determining whether Plaintiff's rights were violated in this case.

3.    <u>Any reference to medical expenses not demonstrated as paid, and as reasonable and necessary</u>.  A plaintiff who seeks to recover for medical expenses has the burden of producing substantial evidence that the charges were necessary and reasonable.  Plaintiffs may prove the reasonableness of their medical bills either by having an expert witness testify to their reasonableness, or by presenting testimony that the bills have been paid.  *Sladky v. Progressive Classic Insurance Co.*, 2006 WL 2246427 at *3 (E.D.Mo. 2006) (Perry, J.).  Evidence of the amount charged alone is insufficient.  *Id.*  at *4.  Plaintiff should not be permitted to argue or infer damages for the total amount of medical expenses billed, but rather, should be limited to the amount of reasonable and necessary medical expenses paid.

4.    <u>Any reference that the Plaintiff suffers from back pain, a damaged eardrum, ear pain and electrical shocks through his body as a result of the incident at issue unless and until a qualified individual relates those injuries to the incident at issue or other sufficient testimony provides a foundation for such evidence.</u>  Defendants anticipate that Plaintiff will seek to introduce evidence that Plaintiff suffers from back pain, a damaged eardrum, ear pain and electrical shocks through his body as a result of the incident at issue.  However, that evidence is not admissible unless and until a qualified individual testifies that his back pain, a damaged eardrum, ear pain and electrical shocks through his body are a result of the incident at issue as the symptoms of those injuries and the nature and irregularity of the symptoms involved with those injuries preclude proof through the sudden onset doctrine. *See Lash v. Hollis*, 525 F.3d 636 (8th Cir. 2008). Furthermore, Plaintiff has not endorsed an expert to testify about these symptoms. Consequently, the evidence regarding Plaintiff's back pain, a damaged eardrum, ear pain and electrical shocks through his body is not admissible and, furthermore, would be highly prejudicial.

5.      <u>Any reference to attorneys' fees that Plaintiff incurred in defending his criminal case as Plaintiff testified that he did not pay those fees, but rather that his girlfriend paid them.</u> Plaintiff testified that he did not pay his lawyer in the underlying criminal case any fees but rather that his girlfriend paid those fees.  Consequently, his legal fees in that case are not recoverable and such evidence is irrelevant and should be excluded.

6.      <u>Reference to the financial disparity of the parties or the source of any award for damages.</u>  This Court should not allow plaintiff to suggest or imply that the Police Board will indemnify any individual Defendant in the event of any finding of liability or damages. Likewise, plaintiff should be prohibited on commenting on the size of the St. Louis Board of Police Commissioners, or the St. Louis Metropolitan Police Department, or their financial resources, or the resources of the Office of the Missouri Attorney General.  Any such references are irrelevant and collateral, and unfairly prejudicial to Defendants, and would mislead and confuse the jury.  Further, any information regarding the State Legal Expense Fund is inadmissible, as discussion of insurance coverage is improper.  *Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) (holding that, in §1983 action, court should not instruct jury that state will indemnify employee); *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3184, 16 L.Ed.2d 673 (1987) (prejudicial error committed through closing argument of plaintiff's counsel, in police excessive force case, that the city would be paying for any judgment awarded by the jury against the officers).

7.      <u>Reference to other civil rights suits or other complaints filed against Defendants or to any settlements or findings of liability there from.</u>  Any such evidence would be irrelevant to this action and inadmissible pursuant to FRE 404(b).

4

WHEREFORE, Defendants respectfully requests that this Court enter its Order in Limine prohibiting Plaintiff, his attorney, and any witness from testifying, mentioning, inquiring into, arguing, or otherwise presenting to the jury any of the matters set forth in this Motion; and for such other relief as this Court deems just.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Robert J. Isaacson*
Robert J. Isaacson
Assistant Attorney General
No. 3327
Post Office Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, first class, postage prepaid this 10th day of September, 2010 to the following:

Alexander Lewis
6710 Northeast Garfield Avenue
Portland, Oregon 97211

*/s/ Robert J. Isaacson*

5