IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER SIMONE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:08CV683HEA |
| SGT. JOHN FRANK, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

Defendants John Frank, Patrick Daut, Ronald D. Martin, Thomas Favazza and Steven M. Burle ("Defendants"), hereby file their opposition to Plaintiff's Motion In Limine (#64).

Plaintiff has filed eleven motions in limine, all apparently based on the assertion that the evidence would unfairly prejudice the plaintiff.

### Motions in Limine 1-3 (Marijuana)

The first three motions in limine relate to marijuana consumption (#1), the marijuana found at the scene (#2), and the fact that defendants were investigating marijuana use, sale or consumption (#3). The Court should deny these motions. First, plaintiff makes a claim for false arrest. Although plaintiff was arrested for trespass and for assaulting a police officer, if police had probable cause to arrest plaintiff for *any* crime, then plaintiff cannot sustain a false arrest claim. An arrest is lawful if there was probable cause to believe the person "had violated any applicable statute, even one not contemplated by the officers at the moment of arrest." *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1106 (8th Cir. 2004); *Devenpeck v. Alford*, 543

1

U.S. 146, 153 (2004) (an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

Plaintiff testified at his deposition that when the police arrived at the scene, the owner of the apartment, Jimmy Critton ("Critton"), told someone to let the police into the apartment. He also testified that he and Critton were in the bedroom, where Critton was breaking down marijuana while plaintiff was sitting nearby. Plaintiff further testified that he and Critton had purchased the marijuana together for each of their use less than an hour before the officers arrived. In addition, plaintiff also testified that the marijuana was in plain view and that the police officers saw it when they came into the room. Given this testimony, defendants had probable cause for an arrest for possession of marijuana and the evidence is consequently admissible. *Id.* In addition, Plaintiff's testimony is contemporaneous with and inextricably linked to the circumstances surrounding the events in this case and accordingly is relevant on that basis.

Second, part of defendants' explanation for their presence at the apartment is that they were investigating drug use. Drugs were found at the apartment. Moreover, the investigation of a tip from a citizen regarding drug activity is also contemporaneous with and inextricably linked to the circumstances surrounding the events in this case. Excluding this portion of the testimony prejudices defendants because it makes it difficult for them to explain their conduct and the chain of events leading to their entering the apartment.

Third, defendants intend to question plaintiff as to the effect that his admitted daily or near daily consumption of marijuana may have had on his memory or ability to accurately recall

events.  To the extent that plaintiff admits that there is an effect on his memory, defendants should be entitled to question him about this.

Therefore, defendants should be permitted to elicit testimony regarding the plaintiff's possession of marijuana, the possibility that probable cause existed for an arrest for possession of marijuana, the tip from a citizen supporting defendants' explanation for police presence at the apartment, and the details of the discovery of marijuana at the apartment.  The motions in limine related to these matters should be denied.

**Remaining Motions in Limine (#4-11)**

Defendants believe that the remaining motions in limine can be resolved either by agreement or by the Court after argument and without additional briefing.

    Respectfully submitted,

    **CHRIS KOSTER**
    Attorney General

    */s/ Robert J. Isaacson*
    Robert J. Isaacson
    Assistant Attorney General
    No. 38361
    Post Office Box 861
    St. Louis, Missouri  63188
    (314) 340-7861 (Telephone)
    (314) 340-7029 (Facsimile)
    Robert.Isaacson@ago.mo.gov

JOANNA TRACHTENBERG  
Assistant Attorney General  
Mo. Bar. No. 63298  
P.O. Box 899  
Jefferson City, MO 65102  
(573) 751-3321 (Telephone)  
(573) 751-9456 (Facsimile)  
Joanna.Trachtenberg@ago.mo.gov  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on May 13, 2011 the foregoing was filed electronically with the Clerk of the Court, and by operation of the Court's CM/ECF system, sent to:

Celestine Dotson  
300 N. Tucker #301  
St. Louis, Missouri 63101

Anthony D. Gray  
7710 Carondelet Ave, Ste. 303  
Clayton (St. Louis), MO 63105

Rufus J. Tate, Jr.  
7751 Carondelet, Suite 803  
Clayton, MO 63105-3369

*/s/ Robert J. Isaacson*  
Assistant Attorney General